**United States Bankruptcy Court**
Northern District of Indiana

In re   Louise Mackerl                                                                  Case No.   13-20931
                                           Debtor(s)                                    Chapter    13

## CHAPTER 13 PLAN (AMENDED 7-17-13)

1. Payments to the Trustee: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$103.74 Bi-weekly**.

   Total of plan payments: **$8,457.69=$1,039.44 received by Trustee as of 7-17-13, last payment posted 7-10-13, plus $7,418.25 in next 33 months.**

2. Plan Length: This plan is estimated to be for **60** months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.
   a. Secured creditors shall retain their mortgage, lien or security interest in their collateral under the Debtor(s) has/have been Discharged. Upon the Discharge being granted and if the Secured creditors in the Plan have had their secured claim paid-in-full in accordance with the confirmed Plan, the Secured creditors included in the Plan shall be deemed to have their full claims satisfied and shall immediately terminate any mortgage, lien or security interest on the Debtor's(s') property which was in existence at the time of the Plan's filing, or the Court may order termination.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

   a. Administrative Expenses
      (1) Trustee's Fee:   **3.00%**
      (2) Attorney's Fee (unpaid portion):   $2,611.00 to be paid in plan's (1st) 36 months before any payments toward pre-petition mortgage arrearage, unsecured priority claims and unsecured general claims.
      (3) Filing Fee (unpaid portion):   NONE

   b. Priority Claims under 11 U.S.C. § 507

      (1) Domestic Support Obligations

         (a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

         (b) The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

            -NONE-

         (c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

            | Creditor (Name and Address) | Estimated arrearage claim | Projected monthly arrearage payment |
            |---|---|---|
            | -NONE- | | |

         (d) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

            Claimant and proposed treatment:   -NONE-

(2) Other Priority Claims.

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| Internal Revenue Service | 900.00 | 0.00% |

c. Secured Claims

(1) Pre-Confirmation Adequate Protection Payments. Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below. Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim. The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

| Name | Description of Collateral | Pre-Confirmation Monthly Payment |
|---|---|---|
| Aaron's Sales and Lease Ownership | Household Goods | 9.00 |
| Payday Loan Store of Illinois, Inc. | 2001 Cadillac | 40.00 |
| RAC Acceptance | Household Good | 22.00 |

(2) Secured Debts Which Will Not Extend Beyond the Length of the Plan

(a) Secured Claims Subject to Valuation Under § 506. The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a). Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim. Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Name/Description of Collateral | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| Aaron's Sales and Lease Ownership | 500.00 | 15.04 | 5.25% |
| Indiana Department of Revenue | 60.10 | 1.75 | 3.00% |
| Internal Revenue Service | 346.15 | 10.07 | 3.00% |
| Payday Loan Store of Illinois, Inc. | 2,317.77 | 67.40 | 5.25% |
| RAC Acceptance | 1,200.00 | 36.10 | 5.25% |

(b) Secured Claims Not Subject to Valuation Under § 506. Each of the following claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Name/Description of Collateral | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| -NONE- | | | |

(3) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name/Description of Collateral | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| NONE | | | |

d. Unsecured Claims

(1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| -NONE- | | |

(2) General Nonpriority Unsecured:
The total payout to unsecured creditors is $0.00.

5. The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Creditor/Description of Collateral | Amount of Default to be Cured | Interest Rate (If specified) |
|---|---|---|
| NONE | | |

6. The Debtor shall make regular payments directly to the following creditors:

   | Name/Description of Collateral | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
   |---|---|---|---|
   | -NONE- | | | |

7. The employer on whom the Court will be requested to order payment withheld from earnings is:
   **ACS Human Service LLC in the amount of $103.74 Bi-weekly to be deducted and remitted to the Trustee.**

8. The following executory contracts of the debtor are rejected:

   | Other Party | Description of Contract or Lease |
   |---|---|
   | -NONE- | |

9. Property to Be Surrendered to Secured Creditor

   | Name/Description of Collateral | Amount of Claim | Description of Property |
   |---|---|---|
   | **Heritage Acceptance** | **10,743.58** | **2003 Lincoln Aviator** |

10. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

    | Name/Description of Collateral | Amount of Claim | Description of Property |
    |---|---|---|
    | -NONE- | | |

11. Title to the Debtor's property shall shall remain in the bankruptcy estate upon confirmation.

12. As used herein, the term "Debtor" shall include both debtors in a joint case.

13. Other Provisions:

Debtor(s) shall pay his/her/their 2013, 2014, 2015 tax refunds, if any to be received in 2014, 2015, 2016, that in EACH of the preceding years EXCEED $750.00 EXEMPTION plus any and all earned income tax credits and child tax credits.

Debtors elect to exercise their early option to purchase in their agreement with Aarons Sales and Lease Ownership.

In the event the preceding debts are fully paid in accordance with any confirmed plan after the plan's 36th month, but before the end of the plan's 60th month, then Debtor(s)' plan shall be deemed FULLY PAID and completed.

Secured creditors having a vehicle or vehicles as collateral shall be paid on the same disbursement level as the mortgage company.

Dated: July 17, 2013                    /s/    RICARDO B. CASAS
                                                 Ricardo B. Casas, Atty. No. 3154-45
                                                 6949 Kennedy Avenue
                                                 Hammond, IN 46323
                                                 E-mail:  RicardoRBC@aol.com
                                                 Telephone:  219/845-1122
                                                 Fax:  219/845-4422